UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

ANTHONY BELL,

    Plaintiff,                                        **COMPLAINT**

v.

                                               **JURY TRIAL DEMANDED**

AMSHER COLLECTION SERVICES, INC.,

    Defendant.

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Anthony Bell (hereinafter "Plaintiff"), is a natural person residing in the County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

5. Defendant Amsher Collection Services, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 600 Beacon Parkway West, Suite 300, Birmingham, AL 35209.

## FACTUAL SUMMARY

6. Sometime prior to December 2011, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

### June 2012 Telephone Call

8. On or about June 20, 2012, upon information and belief, Defendant called and spoke with Plaintiff on Plaintiff's cellular telephone, which was a "communication" as defined by 15 U.S.C. § 1692a(2).

9. Upon information and belief, this call represents Defendant's initial contact with Plaintiff.

10. During this conversation Plaintiff spoke with individuals identifying themselves as a collection representative and as a manager of Defendant.

11. During this June 2012 conversation, Plaintiff requested, and was denied by the collection representative, proof of the alleged debt's validity as well as Defendant's ownership of the debt.

12. Defendant's collection agent attempted to veer the conversation back towards arranging a payment plan.

13. Plaintiff requested the collection representative transfer Plaintiff to a manager. Defendant's collection representative transferred Plaintiff to a manager.

14. During the June 2012 conversation with Defendant's collection manager, Plaintiff was told that Defendant was fully in compliance with the FDCPA by providing exactly as much information as they already had.

15. Defendant's collection manager stated he was not required to send Plaintiff written documentation merely because Plaintiff had requested it. The call was subsequently terminated.

16. Defendant's false and misleading statements about the legal obligations of a collector under the FDCPA during the June 2012 conversations with plaintiff constitute violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1) amongst others.

### Second June 2012 Telephone Call

17. Sometime later that same day, on or about June 20, 2012, Plaintiff called Defendant to again request documentation and proof of the debt. Defendant again refused.

### June 2012 Voicemail

18. Sometime later that same day, on or about June 20, 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's telephone, which was a "communication" as defined by 15 U.S.C. § 1692a(2).

19. Defendant failed to identify as a debt collector attempting to collect a debt as required by 15 U.S.C. § 1692e(11).

20. Defendant's message failed to "meaningfully disclose" the identity of Defendant, as required by 15 U.S.C. § 1692d(6).

21. Defendant's message stated:

    > "Hey Mr. Bell, this is Christina calling you back like you asked me to <inaudible> just give us a call back when you get this message. Thank you."

22. Upon information and belief, Defendant failed to send Plaintiff a 30-Day Validation Notice within five (5) days of the initial communication, violating 15 U.S.C. § 1692g.

23. Plaintiff suffered actual damages under the FDCPA in the form of fear of answering the telephone, nervousness, fear of answering the door, embarrassment when talking to or seeing friends or family, restlessness, and irritability.

### Violation of The Fair Debt Collection Practices Act

24. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g amongst others.

## Respondeat Superior Liability

25. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

26. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

28. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

### *Summary*

29. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

30. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

### TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

35. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

36. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

37. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated: July 12, 2012

MARTINEAU, GONKO & VAVRECK, PLLC

s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
mvavreck@mgvlawfirm.com